716 F.2d 256
 1984 A.M.C. 1144
 Michael E. WILEY, et al., Plaintiffs-Appellees,
v.
OFFSHORE PAINTING CONTRACTORS, INC., Defendant-Appellee,
v.
CHEVRON U.S.A., INC., Defendant-Appellant.
CHEVRON U.S.A., INC., Third-Party Plaintiff-Appellant,
v.
The CONTINENTAL INSURANCE COMPANY and St. Paul Fire & Marine
Insurance Co., Third-Party Defendants-Appellees.
In the Matter of the Complaint of OFFSHORE PAINTING
CONTRACTORS, INC. As Owner of the M/V SANDRA P,
For Exoneration From or Limitation of
Liability, Petitioner-Appellee,
v.
CHEVRON U.S.A., INC., Claimant-Appellant.
B.R. HERRINGTON ENTERPRISES, INC. and First State Insurance
Company, Plaintiffs-Appellees,
v.
OFFSHORE PAINTING CONTRACTORS, INC., Defendant-Appellee,
v.
CHEVRON U.S.A., INC., Defendant-Appellant,
v.
The CONTINENTAL INSURANCE COMPANY and St. Paul Fire & Marine
Insurance Company, Third-Party Defendants-Appellees.
 Nos. 81-3468 to 81-3470.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 15, 1983.
 
 McLoughlin, Barranger, Provosty & Melancon, Lloyd C. Melancon, New Orleans, La., for Chevron U.S.A., Inc.
 Leach, Paysse & Baldwin, Michael A. Britt, New Orleans, La., for B.R. Herrington.
 Philip E. Henderson, Houma, La., for uninsured interest of Offshore.
 Edgar F. Barnett, Earl G. Pitre, Lake Charles, La., for Offshore and Continental.
 Mat M. Gray, III, New Orleans, La., for St. Paul Fire.
 Michael X. St. Martin, Houma, La., for Wiley.
 Frank E. Lamothe, III, New Orleans, La., for Windham.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 (Opinion July 25, 1983, 5 Cir., 1983, 711 F.2d 602)
 Before RANDALL and HIGGINBOTHAM, Circuit Judges, and BUCHMEYER*, District Judge.
 PER CURIAM:
 
 
 1
 In its petition for rehearing, Chevron urges that the panel should have drawn a distinction between a hull policy, which covers enumerated losses regardless of whether they arose out of the insured's ownership of the vessel, and a P & I policy, which insures only against liability resulting from vessel ownership. We are now persuaded that Chevron's point is well taken.
 
 
 2
 The loss of the SANDRA P, for which Continental seeks indemnification from Chevron, resulted from a fire found to have been caused by Chevron's negligent operation of an offshore production platform. Chevron was, however, an additional assured on the hull policy on the SANDRA P issued by Continental. Because that hull policy covered a fire loss whether or not it resulted from Chevron's ownership or operation of the SANDRA P, it is applicable here, and prevents Continental from recovering from Chevron under the principle that an insurer may not recover from its insured. It follows that the district court was incorrect in awarding Continental indemnification from Chevron for the $160,000 it had paid Offshore Painting for the loss of the SANDRA P. Treating the suggestion for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is denied except we withdraw the section of the panel opinion entitled "The Loss of the SANDRA P" and we reverse that portion of the district court's judgment in favor of Continental and against Chevron based on Continental's claim for indemnification for amounts paid for the loss of the SANDRA P. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the Suggestion for Rehearing En Banc is denied.
 
 
 3
 Affirmed in part and reversed in part.
 
 
 
 *
 District Judge of the Northern District of Texas, sitting by designation