JAMES F. McKAY III, Judge.
| )Following Hurricane Katrina, Melvin Burmaster filed a lawsuit against the Plaquemines Parish Government (PPG), seeking to recover damages caused by flooding on the east bank of Plaquemines Parish during and after the hurricane. Mr. Burmaster alleged that the flooding occurred because PPG failed to properly maintain hurricane protection levees. Mr. Burmaster later amended his lawsuit to seek class certification for all individuals who experienced similar damages. However, the matter has not been certified as a class action lawsuit.
At the time of Hurricane Katrina, PPG maintained a number of insurance policies. These included primary policies for risks such as workers’ compensation and auto liability, as well as policies for excess and umbrella coverage. However, for certain risks, PPG maintained a self-insured retention of $1,000,000.00.
When Mr. Burmaster sued PPG, he also sued several of PPG’s insurers under the Louisiana direct action statute. These included National Union Fire Insurance Company of Louisiana (hereinafter National Union), PPG’s umbrella/bumbershoot carrier, and Liberty International Underwriters, Inc. and ^Indemnity Insurance Company of North America (hereinafter Liberty), PPG’s excess marine insurance policy underwriters.
Both Mr. Burmaster and National Union moved for summary judgment. The district, court held that coverage will exist under the policy issued by National Union if Mr. Burmaster prevails at trial. These summary judgments are not at issue in this appeal.
The policy with Liberty covered several vessels owned by PPG and incorporated standard clauses promulgated by the American Institute of Marine Underwrit *546 ers. The policy that PPG purchased from Liberty covered only the following three risks: 1) excess protection and indemnity, 2) excess collision liability, and 3) excess vessel pollution liability. These marine risks must arise out of PPG’s operation, ownership, or use of the “scheduled” vessels for coverage to attach. Therefore, Liberty also moved for summary judgment on the grounds that its policy of excess marine insurance did not cover flooding on the east bank of Plaquemines Parish because it was not a maritime event and it did not involve vessels. The district court granted Liberty’s motion for summary judgment and dismissed Liberty from the case. It is from this judgment that Mr. Burmaster now appeals.
On appeal, Mr. Burmaster raises the following assignments of error: 1) the trial court erred in granting summary judgment to Liberty given the existence of substantive material facts in dispute; 2) Liberty elevates form over substance by contending the word “Marine” in the policy title modifies the substantive | ^provisions of the policy and PPG’s underlying protection and indemnity insurance which expressly covers non-“Marine” claims of plaintiff and the class; 3) the trial court erred in granting summary judgment to Liberty as the policy expressly covered “all liability, loss, damage or expense insured under the protection and indemnity policies described in the schedule of underlying insurances”; 4) the trial court erred in allowing Liberty to reform the policy after claim to exclude coverage and create illusory coverage, both against Louisiana law; and 5) the trial court erred because no less than eight genuine issues of material fact exist to be decided at trial on the merits. In essence, the only issue before this Court is whether summary judgment was properly granted.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, scrutinized equally, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The burden of proof remains with the mover. Board of Assessors of City of New Orleans v. City of New Orleans, 2002-0691, p. 8 (La.App. 4 Cm. 9/25/02), 829 So.2d 501, 506. However, if the mover will not bear the burden of proof at |4trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require the mover to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Id. at pp. 8-9, 829 So.2d at 506. Thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy their evidentiary burden of proof at trial, there is no genuine issue of material fact. Id. at p. 9, 829 So.2d at 506; La. C.C.P. art. 966(C)(2).
A fact is material if it is essential to plaintiffs cause of action under the applicable theory of recovery and if without the establishment of the fact by a preponderance of the evidence, plaintiff could not prevail. Generally, material facts are *547 those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir.1992).
The issue before this Court is whether the policy of marine insurance issued by Liberty to PPG provided coverage for the damages Mr. Burmaster complains of in his lawsuit. An insurance policy, like any other contract “should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or restrict its provisions beyond what is reasonably contemplated by unambiguous terms or so as to achieve an absurd conclusion.” See Pender v. Elmore, 37-690 (La.App. 2 Cir. 9/24/03), 855 So.2d 930, 935. |,Instead, words or phrases used in an insurance policy should be construed using their plain, ordinary, and generally prevailing meaning, unless a technical matter is involved, in which case the words and phrases must be given their technical meaning. Id.
It is well settled that protection and indemnity (P & I) insurance “covers ship owners and charterers against liabilities arising out of the operation of vessels for loss of life to any person, illness or injury to passengers and crew, damage to cargo while loading, carrying or unloading cargo, damage to piers and docks, removal of wreckage, the cost of major oil spills, and other misfortunes that may befall vessels and companies engaged in maritime commerce.” Sonito Shipping Co., Ltd. v. Sun United Maritime Ltd., 478 F.Supp.2d 532, 537 (S.D.N.Y.2007); see also Gilmore & Black, The Law of Admiralty, 2d ed., p. 59 (1975).
The state and federal courts in Louisiana have uniformly recognized that P & I insurance is distinctly marine and is not the equivalent of general liability insurance. The United States Fifth Circuit Court of Appeals noted that P & I insurance “insures only against liability resulting from vessel ownership.” Wiley v. Offshore Painting Contractors, Inc., 716 F.2d 256, 257 (5th Cir.1983). The Louisiana Supreme Court has further noted that “[protection and indemnity insurance is consistently treated as marine insurance within the industry.” Backhus v. Transit Cas. Co., 549 So.2d 283, 289 (La.1989). Stated another way, the Louisiana Fifth Circuit opined that “it is well settled in our jurisprudence that | fiprotection and indemnity insurance is ocean marine insurance.” Nicholas v. New England Int’l Sur. of America, Inc., 613 So.2d 1137, 1140 (La.App. 5 Cir.1993).
In the instant case, the damages sought by Mr. Burmaster were allegedly caused by PPG’s failure to properly maintain hurricane protection levees. This is not a risk covered by a marine insurance policy such as the one issued by Liberty to PPG. Accordingly, summary judgment was properly granted in this case.
For the above and foregoing reasons, we affirm the trial court’s granting of Liberty’s motion for summary judgment.
AFFIRMED